IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

YOLANDA BOUYER-BELLO,   :
   :
      Appellant,   :       K17A-09-004 JJC
   :
      v.   :
   :
TRICELL COMMUNICATIONS, LLC  :
   :
      &   :
   :
UNEMPLOYMENT INSURANCE   :
APPEAL BOARD,   :
   :
      Appellees.   :

## ORDER

Submitted: February 5, 2018
Decided:  March 12, 2018

*Upon Consideration of Appellant's Appeal from the Unemployment Insurance Appeal Board*—**AFFIRMED**

**AND NOW TO WIT**, this 12th day of March, 2018, upon consideration of the record and the briefing by the parties, **IT APPEARS THAT**:

1. Before the Court is the *pro se* appeal of Appellant Yolanda Bouyer-Bello (hereinafter "Appellant") from the decision of the Unemployment Insurance Appeals Board (hereinafter "the Board" or "the UIAB").  The appeal involves Appellant's unemployment compensation allegedly due after her termination by her employer Tricell Communications LLC (hereinafter "Tricell").

2. Specifically, she appeals a UIAB determination that she was terminated from her employment with just cause pursuant to 19 *Del. C*. § 3314(2).  As relevant

background, after a June 14, 2017 hearing, an Appeals Referee for the Division of Unemployment Insurance (hereinafter "Referee") found that Tricell terminated Appellant for just cause. The Referee based this determination primarily on the testimony of a Tricell District Manager (hereinafter "District Manager"), who testified that Appellant left the store unmanned and was found at the back exit smoking a cigarette doused with embalming fluid. The District Manager testified that Appellant appeared intoxicated, and that when she asked whether the Appellant was high, the Appellant smiled and nodded affirmatively.

3. Appellant appealed the Referee's determination, and on September 13, 2017 the UIAB held a hearing. At the hearing, Appellant disputed that she admitted to the District Manager that she was intoxicated. In its decision, the UIAB considered evidence presented to the Referee, the Referee's decision, and evidence presented at the September 13, 2017 hearing. That evidence included the employer's policy prohibiting employees from working under the influence of drugs or alcohol. Based on the totality of the evidence, the Board affirmed the decision of the Referee that Appellant was discharged for just cause.

4. Pursuant to *19 Del. C*. § 3323(a), the Superior Court's jurisdiction is limited to a review for errors of law, together with a limited factual review. Namely, the review is "limited to the question of whether there is substantial evidence in the record to support the Board's findings and whether such findings are free from legal error. In such an appeal, this Court does not weigh the evidence, determine questions of credibility, or make its own factual findings."[1] The burden is on the employer to prove termination for just cause by a preponderance of the evidence.[2]

5. Here, the Board applied the correct legal standard below. Namely, pursuant to 19 *Del. C.* § 3314 an employee is ineligible to receive unemployment

---

[1] *Murphy & Landon, PA v. Pernic*, 121 A.3d 1215, 1222 (Del. 2015).
[2] *Id.*

2

benefits if he or she has been terminated for just cause.[3] The term just cause denotes a willful or wanton act in violation of either the employer's interest, or the employee's expected standard of conduct.[4] Willful or wanton conduct is that which is evidenced by either conscious action, or reckless indifference leading to a deviation from established and acceptable workplace performance.[5]

6. After reviewing the record, the Court finds substantial evidence that Tricell terminated Appellant for just cause. The UIAB found that the District Manager testified credibly that the Appellant appeared to be intoxicated, had left the store unattended, and admitted to using drugs. Although Appellant denied admitting to drug use, the Board found the District Manager's testimony to be more credible. Pursuant to 19 *Del. C.* § 3323(a), this Court performs only a limited factual review. Credibility assessments of testifying witnesses are appropriately left for the finder of fact, which in this case is the administrative agency. Here, a review of the record reveals no facts sufficient to warrant departing from the Board's decision.

**NOW THEREFORE,** for the reasons cited, the Board's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

/s/Jeffrey J Clark
Judge

JJC:jb
*Via File & Serve Xpress*

---

[3] *Wilson v. Unemployment Ins. Appeal Bd.*, 2011 WL 3243366, at *2 (Del. Super. Ct. July 27, 2011) (citations omitted).
[4] *Id*.
[5] *Id*.